### ANGELO NIKOLAS
*vs.*
### ALWIN MICHAELIS

Superior Court       New Haven County       File No. 56446

MEMORANDUM FILED DECEMBER 5, 1939.

*Dennis T. O'Brien, Jr.*, of Meriden, for the Plaintiff.

*Lewis J. Somers, of Meriden*, for the Defendant.

FOSTER, J. For some time prior to July, 1933, the plaintiff, Angelo Nikolas, conducted a restaurant at 100 West Main Street in Meriden. His business had become a losing venture, and he terminated it. The plaintiff's wife, Bela Nikolas, thereupon rented from the defendant a store at 103 West Main Street and until January 2, 1934, there conducted a restaurant of a somewhat different character from that formerly conducted by her husband.

At the time that the plaintiff closed his business and his wife began conducting her business, the plaintiff placed some of his fixtures in her store for her use. Other of his fixtures he stored in a building owned by the defendant, a building not rented from the defendant by the plaintiff's wife. The property stored in the defendant's building consisted of a Frigidaire, a soda fountain, a gas grill, tables, show cases and other property listed in the complaint. All of this property was old, had been used for a long time, and was defective in many particulars. The value of it is not necessary for me to find, but the value is grossly exaggerated in the complaint and in the testimony of the plaintiff's witnesses. The plaintiff never made demand upon the defendant for these stored fixtures until shortly before the institution of this action and never even went to look at them.

When Bela Nikolas closed her business in January, 1934, she owed a substantial amount of money to the defendant.

In 1934 and early in 1935, the defendant desired to use the space occupied by the plaintiff's fixtures. He sold the fixtures for $195. He never gave notice to the plaintiff that he had sold the fixtures. Bela Nikolas owed the defendant more than $195 and the latter credited that sum upon her debt to him.

The plaintiff claims that he owed no part of the debt to the defendant upon which the $195 was credited. The defendant claims that the business conducted at 103 West Main Street was in fact owned by the plaintiff and that the debt was owed by him.

The plaintiff and his wife admit that she helped him conduct the business at 100 West Main Street and that he was her manager in the conduct of the business at 103 West Main Street.

In view of the evidence that on August 18, 1933, Bela Nikolas filed with the town clerk of Meriden a trade name certificate of the business; that the City of Meriden assessed the fixtures used by her against her and that she paid the taxes on the same; that she signed a conditional bill of sale in purchasing a part of the fixtures that she used; that the defendant carried on his books an account for bakery goods purchased by her in that business against her and not against her husband, I must find that the business conducted at 103 West Main Street was owned by Bela Nikolas.

Angelo Nikolas and Bela Nikolas conducted their business at 100 West Main Street and 103 West Main Street in such a manner that it might be difficult for the casual observer to know just which of them did in fact own each business. When the defendant credited the $195 that he received for the sale of the plaintiff's fixtures upon his bill for merchandise sold by him for use in the business conducted at 103 West Main Street, there was some justification for his doing so. The defendant did not have any legal right to sell the fixtures; he did not have any legal right to credit the amount so received by him upon his debt for goods delivered at 103 West Main Street; but in doing these things he was guilty of no fraud or concealment. True, he did not notify Angelo Nikolas of such transaction for several years; on the other hand, Angelo Nikolas paid no attention to the fixtures and Bela Nikolas paid no attention to her debt to the defendant for several years. If any of the parties were guilty of sharp business practice, the plaintiff and his wife were so guilty, not the defendant. The defendant was simply trying to collect a debt due him.

As a special defense the defendant pleads the statute of limitations. That the defendant did commit a tort against the plaintiff by the conversion of the fixtures in 1934 and 1935, there can be no doubt. It is equally obvious that this action, instituted on February 6, 1939, is barred by the statute of limitations (Cum. Supp. [1935] §1677c). The plaintiff seeks to avoid the effect of the statute by proof that he did not have knowledge of the tort until a time within three years of his institution of this action. Since the defendant was guilty of no fraud or concealment in the commission of a tort, the plaintiff's claim of lack of knowledge avails him nothing. (Gen. Stat. [1930] §6028.)

Judgment may be entered in favor of the defendant upon the complaint and in favor of the plaintiff upon the counterclaim.